ANN JANSEN HANEY, Secretary Department of Regulation andLicensing
As a member of the Wisconsin Hospital Rate Review Committee you ask several questions relating to public access to records of the Committee.
Access to public records is governed by secs. 16.61 and 19.21, Stats.
Section 16.61, Stats., provides. in part:
(2) DEFINITIONS. As used in this section:
. . . .
 (b) "Public records" means all books, papers, maps, photographs, films, recordings, or other documentary materials or any copy thereof, regardless of physical form or characteristics, made or received by any agency of the state or its officers or employes in connection with the transaction of public business . . . .
. . . .
 (12) ACCESS TO PHOTOGRAPHIC REPRODUCTIONS. All persons may examine and use the photographic reproductions of public records subject to such reasonable rules as may be made by the responsible officer of the state agency having custody of the same.
Section 19.21, Stats., states in pertinent part:
 (1) Each and every officer of the state, or of any county, town, city, village, school district, or other municipality or district, is the legal custodian of and shall safely keep and preserve all property and things received from his predecessor or other *Page 45 
persons and required by law to be filed deposited, or kept in his office, or which are in the lawful possession or control of himself or his deputies, or to the possession or control of which he or they may be lawfully entitled, as such officers.
 (2) Except as expressly provided otherwise, any person may with proper care, during office hours and subject to such orders or regulations as the custodian thereof prescribes, examine or copy any of the property or things mentioned in sub. (1).
Whether the records of the Committee are public records depends in this case on whether the Committee is an agency of the state and whether its members are officers or employes of a state agency.
In my opinion, the Committee is not an agency of the state and its members are not officers or employes of a state agency as those terms are used in secs. 16.61 and 19.21. StatS.
The Committee was established pursuant to a contract entered into under the provisions of sec. 146.60, Stats., which provides in part:
 (1) CONTRACT RATES. The department [of health and social services] may enter into a contract with the Wisconsin hospital association and associated hospital services for the purpose of setting hospital rates prospectively.
(2) DEFINITIONS. In this section:
. . . .
 (c) "Contract" means the policies and procedures governing the hospital rate review program, which agreement is mutually based involving the Wisconsin hospital association, associated hospital services, and the department of health and social services.
The contract governing the hospital rate review program establishes a Rate Review Committee. Relevant portions of the contract provide:
RATE REVIEW COMMITTEE
 The Rate Review Committee is a committee of the State of Wisconsin, the Wisconsin Hospital Association, and Blue Cross of Wisconsin, and is charged with reviewing rate requests and rendering *Page 46 
decisions, subject to appeal, on the acceptance or rejection of these requests.
 Composition of Committee. The Committee shall consist of 20 members: (1) six members appointed by the Governor, three of whom may not be employees of the State of Wisconsin; (2) six members appointed by the Wisconsin Hospital Association, three of whom may not be employees of hospitals or the association; (3) six members appointed by the Blue Cross Board of Directors, three of whom may not be employees of Blue Cross of Wisconsin and three of whom must be approved by the Wisconsin Hospital Association and the State Department of Health and Social Services; and, (4) two members selected jointly by the Wisconsin Hospital Association and the State Department of Health and Social Services. Efforts will be made to appoint physicians to the Committee.
 Committee Selection. In selecting Committee members, membership should include a cross section of the health care consumer by involving members from industry, organized labor, and the health care professions (administrators and physicians). Committee appointments will be made annually and the Committee shall name its Chairperson. Members may be reappointed.
Thus, the Committee is not an entity created by state law, but rather is an entity created pursuant to a contract authorized by sec. 146.60, Stats.
The definition of a governmental body in Wisconsin's Open Meetings of Governmental Bodies Law, which may be considered inpari materia with sec. 19.21, Stats., is helpful. Section 19.82
(1), Stats., provides in material part: "`Governmental body' means a state or local agency, board, commission, committee, council, department or public body corporate and politic created by constitution, statute, ordinance, rule or order; a governmental or quasi-governmental corporation; or a formally constituted subunit of any of the foregoing . . . ."
It is self-evident that the Committee is not created by constitution, statute, ordinance, rule or order, nor is it a formally constituted subunit of any of the entities enumerated in sec. 19.22 (1), Stats. *Page 47 
Nor are its members designated by state law. The contract
provides that six of the twenty members are appointed by the Governor. There is no requirement that any of the Governor's appointees be state officers or employes. The only requirement is that three of the Governor's appointees not be state employes. Thus, the fact that one or more of the Governor's appointees happen to be state officers or employes is an incidental fact and has no relevance to their status as members of the Committee.
Discussing these concepts our supreme court in Martin v. Smith,239 Wis. 314, 332, 1 N.W.2d 163 (1941), quoted with approval fromState v. Hawkins, 79 Mont. 506, 257 P. 411 (1927):
 "[T]o constitute a position of public employment a public office of a civil nature, it must be created by the constitution or through legislative act; must possess a delegation of a portion of the sovereign power of government to be exercised for the benefit of the public; must have some permanency and continuity, and not be only temporary or occasional; and its powers and duties must be derived from legislative authority and be performed independently and without the control of a superior power, other than the law, except in case of inferior officers specifically placed under the control of a superior officer or body, and be entered upon by taking an oath and giving an official bond, and be held by virtue of a commission or other written authority."
The Governor's appointees are not appointed pursuant to the constitution or legislative act, they are appointed by the Governor by virtue of the provisions of a contract created under sec. 146.60, Stats. Indeed, the statute does not require that the contract provide for gubernatorial appointments.
The Committee members, as such, possess no delegation of a portion of the sovereign power of the state. Although the Committee may set rates for Title XIX reimbursement, it has no power to legally require that a particular health care facility adhere to its rate schedule. (failure by a facility to adhere may result in disallowance of reimbursement, but this event would not be occasioned by legal action of the Committee.)
The Committee has no permanency or continuity since it exists at the pleasure of a contract that may be terminated by the parties. *Page 48 
The Committee's powers and duties do not flow from legislative authority but rather from the contract which established it.
And, of course, none of the Committee members takes an oath of office.
It follows, since the Committee is not a state agency nor are its members officers or employes of a state agency, that documents received by members of the Committee are not public records* subject to inspection under sec. 19.21 Stats.
You also ask whether, as a member of the Committee, you have a right of access either under sec. 19.21. Stats., or under the contract to all documents submitted to Blue Cross relating to a rate increase request.
Some background information is relevant.
To implement the Wisconsin Hospital Rate Review Program, the Committee reviews requests for rate increases by state hospitals. The Committee is staffed by Blue Cross of Wisconsin. Under the agreement, hospitals submit to the Committee staff data to support the rate increase requests, such as the hospital's capital equipment budget, real property acquisition budget, operating budget, interim financial statements, financial reports and other data relating to the rate increase. The staff summarizes and analyzes the information and presents it to the Committee with a recommendation. Not all documents received by Blue Cross relating to the request for rate increase are provided to Committee members.
As already noted, sec. 19.21, Stats., is inapplicable. Therefore, whatever right of inspection you may have is dictated by the contract.
Although the contract provides "[t]he Rate Review Committee will be staffed by Blue Cross of Wisconsin which will ensure that all data are presented in a manner which is equitable to all parties and gives the committee sufficient information with which to make an objective decision": and further "[t]hroughout all phases of the Program, public accountability will be maintained and all rate review *Page 49 
meetings will be open to any interested parties including the press," contract at 3-4, I find no provision in the contract that gives to any person, whether a Committee member or otherwise, the right to legally compel access to any document in the possession of Blue Cross staff.
BCL:WHW
* It does not necessarily follow that all documents in the possession of committee members are not public records — some may be by virtue of their being duplicates or copies of documents that are already public records of a state agency or officer.